1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

YVONNE MCKIMENS,

                         Plaintiff,

     v.

CAROLYN W. COLVIN, Acting
Commissioner of Social Security,

                         Defendant.

Case No. 3:16-cv-05605-RBL-KLS

REPORT AND RECOMMENDATION

Noted for December 16, 2016

        This matter has been referred to the undersigned Magistrate Judge, and is before the

Court on defendant's motion to dismiss under Federal Rules of Civil Procedure (FRCP) 12(b)(1)

and 12(b)(6). Dkt. 9; *Mathews, Sec'y of H.E.W. v. Weber*, 423 U.S. 261 (1976); 28 U.S.C. §

636(b)(1)(B); Local Rule MJR 4(a)(4). Defendant argues plaintiff's complaint should be

dismissed for lack of subject matter jurisdiction and for failure to state a claim upon which relief

can be granted. *Id.* Specifically, defendant argues plaintiff did not timely request a hearing before

an administrative law judge (ALJ), has not demonstrated good cause for not timely requesting

one, and thus has not received a final decision from the Commissioner required to obtain judicial

review. For the reasons set forth below, the undersigned agrees and recommends that defendant's

motion be granted.

### CONVERTING DEFENDANT'S MOTION TO DISMISS

        "If, on a motion under Rule 12(b)(6) . . . matters outside the pleadings are presented to

and not excluded by the court, the motion must be treated as one for summary judgment under

REPORT AND RECOMMENDATION - 1

Rule 56." FRCP 12(d). Defendant has submitted materials outside the pleadings in support of her motion. Dkt. 9-1; Dkt. 9-2. Plaintiff also submitted such materials with her complaint. Dkt. 3-1. The Court finds consideration of this evidence necessary to resolve the issues in this matter, and therefore hereby converts defendant's motion to dismiss to a motion for summary judgment. *Swedberg v. Marotzke*, 339 F.3d 1139, 1146 (9th Cir. 2003) ("A Rule 12(b)(6) motion to dismiss supported by extraneous materials cannot be regarded as one for summary judgment until the district court acts to convert the motion by indicating, preferably by an explicit ruling, that it will not exclude those materials from its consideration.").

When a motion to dismiss is treated as a motion for summary judgment on the basis of matters outside the pleadings, "[a]ll parties must be given a reasonable opportunity to present all the material that is pertinent to the motion." FRCP 12(d). Here, though, as just noted plaintiff submitted materials outside the pleadings with her complaint. In addition, plaintiff has had the opportunity to respond to defendant's motion – and indeed has responded thereto – but did not include any additional materials with her response, or indicate that there exists any additional materials necessary for the Court to consider to resolve this matter – other than those that already have been submitted – or an intent to submit such further materials. Accordingly, the Court finds conversion and resolution of defendant's motion here to be proper.

<u>STANDARD OF REVIEW</u>

Summary judgment shall be rendered if the pleadings, exhibits, and affidavits show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. FRCP 56(c). In deciding whether summary judgment should be granted, the Court "must view the evidence in the light most favorable to the nonmoving party," and draw all inferences "in the light most favorable" to that party. *T.W. Elec. Serv., Inc. v. Pacific Elec.*

REPORT AND RECOMMENDATION - 2

*Contractors Ass'n*, 809 F.2d 626, 630-31 (9th Cir. 1987). When a summary judgment motion is supported as provided in FRCP 56, an adverse party may not rest upon the mere allegations or denials of his pleading, but his or her response, by affidavits or as otherwise provided in FRCP 56, must set forth specific facts showing there is a genuine issue for trial. FRCP 56(e)(2).

If the nonmoving party does not so respond, summary judgment, if appropriate, shall be rendered against that party. *Id.* The moving party must demonstrate the absence of a genuine issue of fact for trial. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 257 (1986). Mere disagreement or the bald assertion that a genuine issue of material fact exists does not preclude summary judgment. *California Architectural Building Prods., Inc. v. Franciscan Ceramics, Inc.*, 818 F.2d 1466, 1468 (9th Cir. 1987). A "material" fact is one which is "relevant to an element of a claim or defense and whose existence might affect the outcome of the suit," and the materiality of which is "determined by the substantive law governing the claim." *T.W. Electrical Serv.*, 809 F.2d at 630.

Mere "[d]isputes over irrelevant or unnecessary facts," therefore, "will not preclude a grant of summary judgment." *Id.* Rather, the nonmoving party "must produce at least some 'significant probative evidence tending to support the complaint.'" *Id.* (quoting *Anderson*, 477 U.S. at 290); *California Architectural Building Prods.*, 818 F.2d at 1468 ("No longer can it be argued that any disagreement about a material issue of fact precludes the use of summary judgment."). In other words, the purpose of summary judgment "is not to replace conclusory allegations of the complaint or answer with conclusory allegations of an affidavit." *Lujan v. National Wildlife Fed'n*, 497 U.S. 871, 888 (1990).

<u>FACTUAL AND PROCEDURAL HISTORY</u>

On August 25, 2009, plaintiff filed an application for disability insurance benefits and

REPORT AND RECOMMENDATION - 3

another one for supplemental security income (SSI) benefits.[1] Dkt. 9-2, pp. 3, 25-29. Both applications were denied on initial administrative review and on reconsideration. *Id.* at pp. 3, 30-50. The application for disability insurance benefits was denied on the basis that the doctrine of *res judicata* applied. *Id.* at pp.3, 74. On December 29, 2009, plaintiff requested a hearing concerning that application. *Id.* at pp. 3, 51-52.  On August 18, 2010, she requested a hearing concerning her application for SSI benefits. *Id.* at pp. 3, 53-55.

A hearing was held before an ALJ on September 12, 2011, based on plaintiff's August 18, 2010 hearing request. *Id.* at p. 60. On October 27, 2011, the ALJ issued a decision finding plaintiff had been under a disability since August 25, 2009. *Id.* at pp. 3, 60-65. In a separate decision dated October 27, 2011, the ALJ found the doctrine of *res judicata* did not apply to the application for disability insurance benefits, and remanded that application for development of the record and a medical determination. *Id.* at pp. 4, 70-75.

On January 8, 2013, plaintiff's legal counsel informed the Commissioner in writing that plaintiff had changed her mailing address. Dkt. 3-1, p. 1. On March 5, 2013, the Commissioner issued a notice of denial of plaintiff's application for disability insurance benefits. *Id.* at p. 2. However, the notice was addressed to plaintiff's old mailing address. *Id.* There is no indication when or if plaintiff herself received that notice, but the notice was received by plaintiff's legal counsel on March 19, 2013. *Id.*

Plaintiff's counsel filed a request for a hearing either on June 20, 2013, or on March 13, 2014.[2] Dkt. 3-1, p. 3; Dkt. 9-2, pp. 4, 78, 82. In that request, plaintiff's counsel states:

---

[1] Plaintiff filed applications for disability insurance and SSI benefits on two previous occasions, which were denied at the initial administrative review level and not further appealed. Dkt. 9-2, pp. 2-3, 6-24.

[2] In the claimant and representative signature areas of the hearing request form the date "6/20/13" is recorded. Dkt. 3-1, p. 3; Dkt. 9-2, p. 78. This also is the date on which the ALJ found the hearing request was filed in her decision denying the request discussed below. Dkt. 9-2, p. 82. The copy of the hearing request defendant provided, however,

REPORT AND RECOMMENDATION - 4

> Appeal 3/5/13 SSD Notice. We disagree that claimant was not disabled prior
> to her date last insured. If this appeal should be a Request for Reconsideration
> please treat it as such. Good cause for this late appeal is as follows: The 3/5/13
> Notice does not contain any information regarding deadlines to appeal and
> hence wasn't docketed to our Statute of Limitations system. A copy of the
> Notice is attached.

Dkt. 3-1, p. 3. The request for a hearing was dismissed by an ALJ on July 16, 2014, on the basis

that it was untimely filed. Dkt. 3-1, pp. 4-8; Dkt. 9-2, pp. 4, 79-83. Plaintiff's request for review

of that dismissal was denied by the Appeals Council on May 5, 2016. Dkt. 3-1, pp. 9-10.

In her complaint, plaintiff alleges defendant violated her procedural due process rights by

failing to follow federal regulations in handling her claim. Dkt. 3. She seeks a ruling by this

Court that she had good cause for untimely filing her request for a hearing, vacating the ALJ's

dismissal of her request, and remanding this matter for a hearing on the merits of her disability

claim. *Id.* Defendant argues plaintiff has failed to establish a due process violation or good cause

for untimely filing her request for a hearing, and the statute of limitations should not be tolled.

Dkt. 9. For the reasons set forth below, though, the Court agrees with defendant, and therefore

finds defendant's motion should be granted.

<u>DISCUSSION</u>

Judicial review is available "after any final decision of the Commissioner . . . made after

a hearing." 42 U.S.C. § 405(g). 42 U.S.C. § 405(g) "clearly limits judicial review to a particular

type of agency action, a 'final decision of the [Commissioner] made after a hearing,'" that is to

"a final decision on the merits. *Califano v. Sanders*, 430 U.S. 99, 108 (1977) ("Congress'

determination so to limit judicial review to the original decision denying benefits is a policy

choice obviously designed to forestall repetitive or belated litigation of stale eligibility claims.");

---

indicates the form was submitted via fax on "MAR/13/2014". Dkt. 9-2, p. 78. Regardless of the actual date plaintiff
submitted the hearing request form, as explained below that request was untimely.

REPORT AND RECOMMENDATION - 5

*see also Udd v. Massanari*, 245 F.3d 1096, 1098 (9th Cir. 2001) (judicial review is limited to final decision made after a hearing); *Bass v. Social Sec. Admin.*, 872 F.2d 832, 833 (1988) (civil action may be brought only after the claimant has been party to hearing, and the Commissioner has made final decision on the claim).

Judicial review thus is not available for those denials of requests for agency action made without a hearing. *Califano*, 430 U.S. at 108 (rejecting claim that dismissal of petition to reopen prior to final decision constituted a final agency decision subject to judicial review, because such dismissal "may be denied without a hearing"). In this case, the ALJ denied plaintiff's request for a hearing. Because that denial is not a final agency decision, therefore, it is not subject to judicial review. There is an exception to the rule that judicial review is limited to a final agency decision, however, and this is when a constitutional question is at issue, in which case "the availability of judicial review is presumed." *Id.* at 109.

This constitutional question exception "applies to any colorable constitutional claim of due process violation that implicates a due process right either to a meaningful opportunity to be heard or to seek reconsideration of an adverse benefits determination." *Udd*, 245 F.3d at 1099 (citation omitted). "A challenge that is not 'wholly insubstantial, immaterial, or frivolous' raises a colorable constitutional claim." *Id.* (citation omitted). "[D]ue process requires that a claimant receive meaningful notice and an opportunity to be heard before his claim for disability benefits may be denied." *Id.* (citing *Mathews v. Eldridge*, 424 U.S. 319, 333 (1976)).

There are certain "necessary administrative steps" that a claimant must take to obtain a hearing before an ALJ. 20 C.F.R. § 404.900(a). First, there must be an "[i]nitial determination" concerning eligibility for benefits. 20 C.F.R. § 404.900(a)(1), § 404.902(a), (b). The initial determination provides "a right to further review" if the claimant is dissatisfied therewith, which

REPORT AND RECOMMENDATION - 6

consists of a reconsideration of that determination. 20 C.F.R. § 404.900(a)(1), (2). If the claimant is dissatisfied with the reconsideration determination, a hearing before an ALJ may be requested. 20 C.F.R. § 404.900(a)(3); *see also Bass v. Social Sec. Admin.*, 872 F.2d 832, 833 (1988).

If a claimant does not timely pursue his or her appeal rights at each of the required levels of administrative review, the determination made at that particular level becomes binding. 20 C.F.R. § 404.905, § 404.921(a), § 404.955(a), § 404.981. As noted above, a claimant who is dissatisfied with an adverse reconsideration determination may request a hearing before an ALJ. 20 C.F.R. § 404.929, § 404.930(a)(1). That request must be filed within 60 days after the date the determination notice is received,[1] unless good cause can be shown for extending the time period. 20 C.F.R. § 404.933(b)-(c).

A request for a hearing may be dismissed by an ALJ if the ALJ "decides that there is cause to dismiss" that request, because the claimant "did not request a hearing within the stated time period and" the time for requesting one has not been extended. 20 C.F.R. § 404.957(c)(3). If a claimant requests an extension of time to request a hearing and shows "good cause for missing the deadline, the time period will be extended." 20 C.F.R. § 404.933(c). "To determine whether good cause exists," the Commissioner "use[s] the standards explained in [20 C.F.R.] § 404.911," which reads in relevant part:

> (a) In determining whether you have shown that you had good cause for missing a deadline to request review we consider--
>
> (1) What circumstances kept you from making the request on time;
>
> (2) Whether our action misled you;
>
> . . .

---

[1] The date the notice is received means "5 days after the date on the notice," unless the claimant can show he or she did not receive it within the five-day period. 20 C.F.R. § 404.901.

20 C.F.R. §404.933(c), § 404.911(a). The Commissioner's regulations also provide "[e]xamples of where good cause may exist," including, but not limited to the following:

> (6) We gave you incorrect or incomplete information about when and how to request administrative review . . .
>
> . . .
>
> (9) Unusual or unavoidable circumstances exist, . . . which prevented you from filing timely.

20 C.F.R. § 404.911(b).

The Commissioner issued its notice of denial on March 5, 2013. Plaintiff filed her request for a hearing no earlier than June 20, 2013. In denying plaintiff's request, the ALJ stated:

> The claimant filed the request for hearing more than 65 days after the date of the notice of reconsideration determination and the claimant has not established that she did not receive this determination within 5 days of this date.[3] Accordingly, the request for hearing was not filed within the stated time period.
>
> In terms of extending the time to file the request, the claimant stated that she missed the deadline to request a hearing because the March 2013 notice did not contain information regarding deadlines to appeal. I have considered this explanation under the standards set forth in 20 CFR 404.911 and find that the claimant has not established good cause for missing the deadline to request a hearing. Although the Social Security Notice dated March 5, 2013, did not discuss the appeal deadlines, [Social Security Administration (SSA)] Pub. No. 05-10058 (Your Right to Question the Decision Made on Your Claim) was enclosed with the denial letter. This publication clearly explains the deadlines for appeal. The claimant is represented by a law firm that specializes in handling Social Security disability claims and is well aware of the time limits for filing appeals. I note that the notice dated March 5, 2013, was date-stamped as received by Schneider Law Offices on March 19, 2013.

Dkt. 9-2, pp. 82-83.

---

[3] As discussed above, the record shows plaintiff's legal counsel received the March 5, 2013 notice on March 19, 2013, which is nine days after the five day presumptive date of receipt. Even with this evidence of the later date of receipt, the deadline for filing a request for review would have been May 23, 2013, which is nearly a month earlier than the earliest date the record shows the request could have been filed.

REPORT AND RECOMMENDATION - 8

Plaintiff argues the ALJ's dismissal of her hearing request should be vacated, because her procedural due process rights were violated. Specifically, she argues they were violated because the March 5, 2013 notice was not sent to her current address despite the Commissioner being notified of the change in address beforehand, and because the notice did not include information concerning her appeal rights. Dkt. 3, pp. 2-3. Defendant argues the dismissal was appropriate because neither plaintiff nor her attorney brought this error to the ALJ's attention, and plaintiff has not stated or shown why she did not receive the notice within five days of the date it was mailed. Dkt. 9, p. 7. Defendant further argues that plaintiff has not provided any evidence showing when she received the notice or explained what she or her attorney would have done differently had the notice been mailed to her at her new address, and that the written information included with the notice was sufficient. *Id.* at pp. 7-8.

As plaintiff points out, 20 C.F.R. § 404.922 provides that the Commissioner "shall mail a written notice of the reconsidered determination to the parties at their last known address." There is no dispute that the Commissioner did not mail the notice to plaintiff at her last known address. But the Commissioner's regulations also provide that:

> (a) We shall send your representative—
>
> > (1) Notice and a copy of any administrative action, determination, or decision; and
> >
> > (2) Requests for information or evidence.
>
> (b) A notice or request sent to your representative, will have the same force and effect as if it had been sent to you.

20 C.F.R. § 404.1715. The record shows plaintiff's legal counsel received a copy of the notice on March 19, 2013. Accordingly, because plaintiff's representative received the notice, and because such receipt is deemed to have the same force and effect as if it was sent to plaintiff, plaintiff has

REPORT AND RECOMMENDATION - 9

failed to establish a due process violation on the issue that she did not receive proper notice.

The question then is whether the notice plaintiff is deemed to have received is deficient. The undersigned finds it was not. As noted by the ALJ, while the notice itself did not contain any discussion of the appeal deadlines, enclosed therewith was SSA Pub. No. 05-10058 (Your Right to Question the Decision Made on Your Claim), which provides:

> There are four levels of appeal. If you're not satisfied with the decision at one level, you may appeal to the next.
> The levels are:
> - Reconsideration;
> - Hearing;
> - Appeals Council review; and
> - Federal court.

Dkt. 9-1, p. 2. Immediately following that language under the heading "When to appeal," the publication further provides:

> In order to file an appeal, it is important to understand the timeframe during which you can ask for one. *You have 60 days from the date you receive the letter telling you about our decision to request an appeal.* We assume you'll get our letter within five days after the date on the letter, unless you can show you got it later.
> If you do not appeal within the 60-day time limit, you may lose your right to appeal and the last decision we made becomes final. *For example, if you do not ask for a reconsideration within 60 days, you may lose your right to have your case reviewed.*
> . . .
> If the last day to appeal falls on a Saturday, Sunday or national holiday, the time limit extends to the next workday.

*Id.* at pp. 2-3 (emphasis in the original). The publication goes on to describe how a decision may be appealed, including the fastest and easiest way to do so. *Id.* at p. 3.

Even if plaintiff had not been represented at the time, the undersigned would find the notice included adequate information regarding her appeal rights. Plaintiff argues the publication does not specifically inform claimants as to what the level of denial they just received or what the next level of appeal is. The publication, however, does set forth and describe the four levels

REPORT AND RECOMMENDATION - 10

of appeal, and it informs the claimant as to the timeframe for appealing – regardless of the level of appeal – and how best to go about filing an appeal. The publication also provides contact information for claimants to obtain answers to questions they may be have.

Here, though, plaintiff was represented by legal counsel, who the undersigned notes has handled some 57 Social Security cases before this Court. Plaintiff's counsel points to the fact that the March 5, 2013 notice did "not contain any information regarding deadlines to appeal and hence wasn't docketed to our Statute of Limitations system." Dkt. 3-1, p. 3. However, even more than with respect to plaintiff, the information contained in the enclosed publication was sufficient to put plaintiff's counsel on notice of the need to appeal within the required timeframe, especially given plaintiff's counsel's experience with Social Security cases.

Indeed, given that the notice was date-stamped and that the publication expressly states that the claimant has 60 days within which to appeal the decision – again regardless of the level off appeal – the timeframe for appealing was made fairly clear. Certainly, it should have been sufficiently clear to plaintiff's counsel. Thus, the undersigned finds unpersuasive plaintiff's counsel's defense that the matter was not docketed in plaintiff's counsel's statute of limitations system due to the lack of such a deadline. Although it is unfortunate that this resulted in the late filing of the hearing request, the undersigned finds no error on the part of the ALJ in finding no good cause existed in failing to timely file under these circumstances. For the same reasons, the undersigned further finds plaintiff has not established a due process violation on this basis.

For the reasons set forth above, the undersigned finds that the dismissal of plaintiff's request for a hearing is not a final agency decision, and that plaintiff has not asserted a colorable constitutional claim that would allow for judicial review of that decision. Because the Court lacks jurisdiction over this matter, the undersigned recommends that defendant's converted

REPORT AND RECOMMENDATION - 11

1    motion for summary judgment (Dkt. 9) be GRANTED, and that plaintiff's complaint be

2    DISMISSED.

3           The parties have **fourteen (14) days** from service of this Report and Recommendation to

4    file written objections thereto. 28 U.S.C. § 636(b)(1); FRCP 72(b); *see also* FRCP 6. Failure to

5    file objections will result in a waiver of those objections for purposes of appeal. *Thomas v. Arn*,

6    474 U.S. 140 (1985). Accommodating the above time limit, the Clerk shall set this matter for

7    consideration on **December 16, 2016**, as noted in the caption.

8           DATED this 30 day of November, 2016.

9

10

11

12

13

14         United                                        States Magistrate Judge
                                                          Karen L. Strombom

REPORT AND RECOMMENDATION - 12